Dear Mr. Santiny:
We are in receipt of your request for an Attorney General's opinion regarding the payment of legal fees by the Board of Aldermen of the Town of Grand Isle. Specifically, the board is seeking our opinion on the following questions:
 1. Whether it is appropriate or legal for the Town of Grand Isle to expend monies to investigate possible criminal actions in a case which is so closely related to a civil matter between Mayor Valence and Mr. Rosiere.
 2. Whether it is appropriate for the Mayor to authorize these expenditures without having it approved by the board?
Your letter states the following facts: (1) The board was presented with an invoice from the town's attorney, reflecting some charges which may be questionable; (2) The charges are for legal work related to a lawsuit in which Mayor Andy Valence filed against his opponent, Rob Rosiere, in the April primary election; (3) Mayor Valence hired Mr. Nielsen (the town's attorney) to represent him in this lawsuit, but he has claimed that the work which Mr. Nielsen is charging the town is not for work done for personal services for the mayor, but for work related to investigating if some criminal action had taken place during the election; (4) The board has questioned these charges as they were not consulted to authorize Mr. Nielsen to do this work nor is there any money in the town's budget for this purpose.
Question No. 1
The Town of Grand Isle is governed by a mayor-board of aldermen form of government under the Lawrason Act, R.S. 33:321-481. The governing authority is vested with all powers, rights, privileges, immunities, authorities, and duties and may perform any function necessary, requisite, or proper for the management of its affairs not denied by law. (R.S. 33:361). Therefore, in answer to your first question, it is our opinion that the town may expend monies to investigate a possible criminal action, regardless of a related civil lawsuit between the mayor and his opponent. However, the real question at issue is, if in fact, whether the town authorized Mr. Nielsen, in his capacity as town attorney, to perform the criminal investigation in question.
We are not fact finders, that responsibility lies with the board and/or a court of competent jurisdiction. Therefore, we suggest that the board make a factual determination as to whether Mr. Nielsen, in his capacity as town attorney, was authorized to perform the work in question. The board should refer to their contract with Mr. Nielsen to determine if his general representation of the town encompasses investigations, or whether the mayor could alone authorize such action, considering that your opinion request states that the board was not consulted to authorize Mr. Nielsen to do the work in question. If the board finds that Mr. Nielsen was authorized by his contract with the town to conduct the criminal investigation, then the board is obligated to pay for the services rendered. However, in making a factual determination, if the board finds that Mr. Nielsen was hired by the mayor, to perform personal services for the mayor, and in the performance of said services Mr. Nielsen investigated possible criminal activity related to the town's elections, the town is prohibited from paying for the personal services, even where the investigation may have benefitted the town. Art. 7, § 14 of the 1974 Constitution prohibits the donation of public funds for a private purpose. Clearly, the hiring of Mr. Nielsen by the mayor for an election contest suit was for a private purpose.
Question No. 2
It has been and remains our opinion that "the legislative power of the board of aldermen encompasses control of the municipal fisc. The mayor cannot supersede the fiscal control of the board of aldermen unilaterally." (Atty.Gen.Op. Nos. 90-612, 90-616;Smith v. Town of Vinton, 209 La. 587, 25 So.2d 237
(La. 1946)). Further, we have opined that the municipal treasurer can only disburse municipal funds on a warrant issued by the order of the mayor and board of aldermen, R.S. 33:425, and that a budget does not authorize expenditures. Every expenditure requires an appropriation, and every warrant for withdrawal of funds from the municipal treasury requires a specific ordinance. R.S. 33:462. Therefore, it is our opinion that the mayor may not legally obligate the town to make expenditures for professional services without the approval of the board of aldermen.
We also note that the municipality is subject to the Louisiana Local Government Budget Act, R.S. 39:1301 et seq. Said act requires the Town of Grand Isle to prepare a budget from which the governing authority must monitor revenues and control expenditures. The adopted budget and any duly authorized amendments constitute the authority of the mayor and board of aldermen of the town to incur liabilities and authorize expenditures from the respective budgeted funds during the fiscal year. R.S. 39:1310(C). Therefore, legal expenses must be included in the town's budget, if the town plans to incur said expense.
If you have any further questions, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
ARL/pb
DATE RECEIVED:
DATE RELEASED:
ANGIE ROGERS LAPLACE, ASSISTANT ATTORNEY GENERAL